```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE GRAND JURY SUBPOENAS DATED : 15-mc-71 (VEC)
MARCH 2, 2015 : OPINION AND ORDER[1]

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

By letter application dated July 12, 2016, non-party The New York Times Company (the "*Times*") seeks to intervene in the above-referenced action to vindicate the qualified right of the public to have access to judicial documents and seeks to unseal the Court's order of June 5, 2015 (the "June 5 Order"), and the submissions that preceded that order. The June 5 Order denied a motion to quash grand jury subpoenas. The *Times* contends that these grand jury-related materials should be made public because there is a qualified First Amendment or common-law right of access to the records of the proceedings. Surprisingly, the Government joined in the *Times*'s application on August 17, 2016, although it argued that the materials should be disclosed pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), rather than on Constitutional or common-law grounds. For the reasons that follow the Court GRANTS the *Times*'s application to intervene and DENIES the *Times*'s application to unseal.

## BACKGROUND

The grand jury subpoenas in question were issued on March 2, 2015, in connection with an investigation into potential tax fraud by John Doe, the target of the investigation. The subpoenas sought the testimony of two of the target's attorneys and documents related to their representation of Doe. On March 16, 2015, the Government moved to compel the attorneys'

---

[1] The Court initially filed this Opinion and Order under seal and directed the parties to show cause why it should not be made public. The parties consented to unsealing on October 17, 2016. The Opinion and Order contains no non-public grand-jury information.

testimony. After briefing and oral argument and an *in camera* review of the documents at issue, the Court entered the June 5 Order, under seal, directing the attorneys to comply with the subpoenas. The Second Circuit affirmed the June 5 Order in a publicly-filed decision on October 6, 2015. *See In re Grand Jury Subpoenas Dated March 2, 2015*, 628 F. App'x 13 (2d Cir. 2015). Doe was subsequently indicted and pled guilty. Although the Second Circuit's decision, Doe's indictment, and the record of his guilty plea are publicly available, the June 5 Order and the parties' related briefs and supporting affidavits remain sealed (collectively, the "Sealed Materials").

The *Times*'s application and the Government's joinder (or separate application) are opposed by Roe Investment Company ("Roe"), an affiliate of Doe. Roe contends that there is no First Amendment right of access to the Sealed Materials. Roe Mem. at 4-5. It also argues that there is no common-law right of access to the Materials because Federal Rule of Criminal Procedure 6(e)(6) requires that the Sealed Materials remain sealed as "records" "relating to grand jury proceedings." Fed. R. Crim. P. 6(e)(6); *see* Roe Mem. at 6-10.

On September 2, 2016, the Court requested supplementary briefing from the Government and Roe in order to clarify the extent to which the Sealed Materials have already been made public.[2] Roe submitted a supplementary letter brief addressing this issue on September 9, 2016, and the Government provided a response on September 16, 2016.

## ANALYSIS

I.  **The *Times*'s Request to Intervene**

---

[2] The Government initially took the position that "the overwhelming majority of the facts contained in the [June 5 Order] and the Government's [brief] were disclosed" in the Doe indictment and subsequent news articles covering Doe's criminal proceedings. Gov. Mem. at 2. Presumably the Government has thought better of that position. Its supplemental brief concedes that much of the Sealed Materials remains non-public. Gov. Supp. Mem. at 1-2. Rightfully so, as Roe has identified extensive information that remains outside the public domain, including in the Government's own papers. *See infra* part II.B.

As an initial matter, the parties appear to agree that the *Times* may intervene in these proceedings to seek public disclosure of the Sealed Materials. The Court concurs. A necessary corollary to the public's right of access to judicial matters is a public right to contest the sealing of judicial documents and proceedings.[3] *See In re The Herald Co.*, 734 F.2d 93, 101-02 (2d Cir. 1984) (quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 609 n.25 (1982) (additional citation omitted)). And the Second Circuit has recognized in analogous circumstances that news organizations are appropriate representatives to advocate for the public's generalized interest in access. *See United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988) (permitting news organization to intervene in order to contest sealing of plea agreement). Accordingly, the *Times*'s application to intervene is granted.

## II.  Disclosure of the Sealed Materials

The *Times* contends that there are two independent bases for the Court to make public the Sealed Materials. First, it argues that there is a qualified First Amendment right of access to motion practice associated with grand jury proceedings that requires the Court to balance the public's interest in information against the countervailing interest in maintaining grand jury secrecy. Because Doe has pled guilty, the *Times* contends that there is no longer any interest in maintaining the secrecy of the grand jury's proceedings. *Times*'s App. at 4. Second, but relatedly, the *Times* contends that a common law right of access applies because there is no longer any need to maintain the secrecy of the proceedings. *Id.* at 6-7. The Government has provided a third reason why it believes the Sealed Materials should be disclosed. It contends

---

[3]   Federal Rule of Civil Procedure 24(b) governs permissive intervention in civil proceedings. By its terms, Rule 24(b) refers only to putative intervenors seeking to assert "claim[s] or defense[s] that share[] with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Although it may be an awkward fit, the courts have nonetheless uniformly read Rule 24(b) to permit non-parties to intervene in order to assert a right of access to closed proceedings. *See EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases).

that the Sealed Materials should be disclosed pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), which permits disclosure of grand jury materials "in connection with a judicial proceeding," because the Government intends to introduce some or all of the Sealed Material in connection with Doe's sentencing. Gov. Mem. at 2-3. The Court considers each of these three arguments in turn.

### A. There Is No First Amendment Right of Access to the Sealed Materials

A two-step framework applies to determine whether there is a First Amendment right of access to judicial proceedings. *See Press-Enterprise Co. v. Supr. Ct. of Cal. for Cty. of Riverside*, 478 U.S. 1, 8-9 (1986). First, the district court "should [] evaluate whether a qualified right of access attaches to the proceeding, which involves consideration of two 'complementary' concerns: whether the place and proceeding in question has historically been open to the press and public, and whether public access plays a significant positive role in the functioning of the particular process in question." Second, "if the qualified right attaches, the presumption of openness 'may be overcome only by an overriding interest . . . .'" *Doe No. 4 v. Doe No. 1 (In re Grand Jury Subpoena)*, 103 F.3d 234, 242 (2d Cir. 1996) (quoting *Press-Enterprise Co.*, 478 U.S. at 8-9 (internal citations omitted)). Because there is no qualified right of access to grand jury materials, such as the Sealed Materials, the Court need not consider whether an overriding interest in secrecy exists here.

The traditional presumption in favor of public access to judicial proceedings does not extend to grand jury proceedings. *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559, 1562 (11th Cir. 1989) (rejecting argument that First Amendment right attaches to grand jury proceedings, explaining that "grand jury proceedings are historically and presumptively secret"). This holding applies to proceedings that are bound-up with the grand jury's functioning, including motions to quash and related records. *See Doe*

4

*No. 4*, 103 F.3d at 242 (rejecting First Amendment right of access to litigation over a motion to disclose allegedly illegal surveillance because the facts of the grand jury investigation were "integrally linked" to the motion to disclose); *see also United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084-86 (9th Cir. 2014) (no First Amendment right of access to filings and proceedings in connection with motion to quash grand jury subpoena and noting that the Court was unaware of any contrary authority); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998) (no constitutional right of access to "ancillary proceedings"). There is little, if any, basis to distinguish between a motion to quash and the records of the grand jury itself. As the Sealed Materials demonstrate, litigation of a motion to quash may require the Government to reveal a great deal about the inner workings of the grand jury, the theories it is exploring, the targets it is investigating, and the testimony it has received or wishes to receive.

The *Times* relies principally on the Second Circuit's decision in *Doe No. 4* to argue that there is a distinction between records related to a motion to quash, like the Sealed Materials, and records of the grand jury itself. *Times*'s App. at 4. But *Doe No. 4* does not support the *Times*'s position that a right of access exists with respect to records related to a motion to quash a grand jury subpoena. Far from it. In *Doe No. 4*, the Second Circuit hypothesized that a right of access might exist with respect to a motion to disclose allegedly-illegal surveillance that was possibly related to a grand jury investigation, but the court ultimately did not rule on that question. *See* 103 F.3d at 243 (Rejecting First Amendment argument "either because the press has no First Amendment interest in accessing this type of civil proceeding, or, alternatively, because the government's interest in maintaining the confidentiality of on-going grand jury investigations outweighs any potential qualified right of access."). Moreover, even assuming that a right of access did apply to the motion to disclose surveillance at issue in *Doe No. 4*, it is not clear that the same right would apply to a motion to quash generally or to the Sealed Materials

5

specifically. The court in *Doe No. 4* was uncertain what connection existed between the motion to disclose and the grand jury's investigation. *See id.* at 238-39. In contrast, as explained *infra*, the nexus between the grand jury's investigation and the Sealed Materials is clear—the Sealed Materials contain a great deal of information regarding the grand jury's investigation. Thus, there is little if any basis to distinguish the subpoenas and related litigation over the motion to quash from the grand jury proceedings themselves.[4]

**B.     There Is No Common-Law Right of Access to the Sealed Materials**

It has long been established that "'the proper functioning of our grand jury system depends on the secrecy of grand jury proceedings.'" *Haller*, 837 F.2d at 87-88 (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)). The common law does not provide a right of access to materials that must be sealed pursuant to Federal Rule of Criminal Procedure 6(e)(6). *See In re Motions of Dow Jones & Co.*, 142 F.3d at 504 ("even if there were once a common law right of access . . . the common law has been supplanted by . . . Rule 6(e)(6)"). Rule 6(e)(6) requires to be sealed "[r]ecords, orders, and subpoenas relating to grand jury proceedings . . . to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). The *Times* argues that the Sealed Materials do not "relate" to the grand jury proceedings, and, even if they do, sealing is no longer "necessary" because the information contained therein has already been publicly disclosed. *Times*'s App. at 5.

Having reviewed the Sealed Materials provided with Roe's supplemental submission, the Court is convinced that the materials are "related"—indeed, they are very closely related—

---

[4]     The *Times* also ignores the alternative holding in *Doe No. 4*, that any right of access was "overcome in the grand jury context by the overriding interest in secrecy." *Doe No. 4*, 103 F.3d at 242. That conclusion applies equally here and is another reason why the First Amendment does not require public disclosure of the Sealed Materials.

6

to the grand jury proceedings themselves and contain significant non-public information that must remain sealed. The Sealed Materials contain detailed summaries of the Government's investigation and the evidence it collected, including information regarding grand jury witnesses and their testimony. Roe Supp. Mem. Ex. 2.B, 2.H. The Sealed Materials also include the subpoenas themselves (which the Government concedes should not be disclosed, Roe Supp. Mem. Ex. 3) and related communications between defense counsel and the Government. *Id.* Ex. 2.E, 2.F. There is little meaningful distinction between these materials and the records of the underlying grand jury investigation. *Cf. Doe No. 4*, 103 F.3d at 238 (Rule 6(e)(6) applies to litigation regarding motions to disclose or quash because a hearing regarding such a motion "poses a significant risk of disclosing information which has occurred or which may occur before the grand jury.").

Much of the information in the Sealed Materials remains non-public. The non-public information identified by Roe includes the names of entities and individuals involved in the Government's investigation, Roe Supp. Mem. at 4; evidence the Government collected in the course of its investigation that was not included in the Doe indictment and has not otherwise been disclosed, *id.* at 6-7; and theories investigated by the grand jury but ultimately not charged, *id.* Roe also points out that much of the litigation regarding the motion to quash remains non-public, including many of the legal positions advanced by the Government and information contained in the parties' supporting affidavits. *Id.* at 7-9. Other than a few discrete disagreements, the Government confirms that this material is not public. Gov. Supp. Mem. at 1-2.

Neither the *Times* nor the Government has identified any case in which a court has unsealed Rule 6(e) material under similar circumstances, and the Court is aware of none. The

few courts that have unsealed Rule 6(e) material in the past did so under circumstances that were very different from the facts of this matter.

*In re Grand Jury Subpoena, Judith Miller (Miller II)*, 493 F.3d 152 (D.C. Cir. 2007), arose from the grand jury investigation that resulted in the indictment of Scooter Libby and the jailing of a reporter for contempt. Dow Jones sought to unseal material that had been redacted from a concurring opinion in *In re Grand Jury Subpoena, Judith Miller (Miller I)*, 397 F.3d 964 (D.C. Cir. 2005), *reissued* 438 F.3d 1141 (D.C. Cir. 2006), as well as two ex parte affidavits that had been filed by the Special Counsel. *Miller II*, 493 F.3d at 152-53. There was significant public interest in the case, which involved the Vice President's Chief of Staff, and, as the court noted, between the Libby trial and voluntary disclosures by many witnesses, many matters that would otherwise have been cloaked in Rule 6(e) secrecy were publicly well known. *Id.* at 153. Notwithstanding substantial public interest, the Court released only those portions of the concurring opinion and the ex parte submissions that had been revealed at trial or by a grand jury witness. *Id.* at 154-55. "Although not every public disclosure waives Rule 6(e) protections, one can safely assume that the 'cat is out of the bag' when a grand jury witness . . . discusses his role on the CBS Evening News." *Id.*

*In re North*, 16 F.3d 1234 (D.C. Cir. 1994), involved whether the report of the Independent Counsel for the Iran Contra scandal should be publicly released even though it included material covered by Rule 6(e). The decision to release the report was clearly *sui generis*. The Independent Counsel was legally required to prepare a report, and by law individuals mentioned in the report had the right to comment on it. *Id.* at 1236. That mandate required the report, which as written was replete with Rule 6(e) material, to be shared with people who were not otherwise entitled to see Rule 6(e) material. *Id.* at 1236, 1243. Under that odd confluence of events, a special division of the D.C. Circuit understandably decided to

release the report, indicating: "There must come a time . . . when information is sufficiently widely known that it has lost its character as Rule 6(e) material. The purpose in Rule 6(e) is to preserve secrecy. Information widely known is not secret." 16 F.3d at 1245.

The Court declines to unseal redacted versions of the Sealed Materials disclosing only already-public information. First, unlike in *Miller II*, the witnesses at issue in the Sealed Materials have not voluntarily disclosed either the fact that they were subpoenaed before the grand jury or that they fought the subpoenas or that they were ordered to produce documents and testify or what the documents revealed or the content of their testimony. Further, assuming that the Court could perfectly sort the public from non-public information in the Sealed Materials, doing so would require wholesale redaction of many pages and significant redactions to others that would undermine significantly the value of disclosure. Given the intertwining of public and non-public information in the Sealed Materials, redaction would be cumbersome and largely impractical. *Cf. United States v. Smith*, 123 F.3d 140, 153-54 (3d Cir. 1997) (district court need not hold partially closed hearings regarding Rule 6(e) material where doing so would be "cumbersome, impractical, and inefficient"). The Court is not at all confident that a release of redacted information would not inadvertently disclose non-public information. Moreover, any benefit from such a disclosure would be symbolic because, by definition, it would not add any new information to the public domain.

Finally, this Court questions whether cases like *Miller II* or *In re North* have any general applicability. In essence, the *Times*'s position amounts to the argument that once an indictment has been returned, there is no longer a public interest in grand jury secrecy. At best, the *Times* is arguing that the continued interest in secrecy is so marginal that disclosure of some of the same information through ordinary criminal proceedings makes continued secrecy unnecessary. The same argument could be made in many, if not most, criminal proceedings with the

consequence that grand jury secrecy would become an ephemeral protection; here today and gone after conviction. That would be a radical change in the law, and not one this Court is authorized to make.

### C. The Government Has Not Identified Any Need to Publicly Disclose the Sealed Materials

Lastly, the Government argues that the Sealed Materials should be made available pursuant to Rule 6(e)(3)(E)(i), which provides that the Court may authorize disclosure of sealed grand jury materials "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The Government's position is bewildering. It contends that disclosure is appropriate under Rule 6(e)(3)(E)(i) because it intends to include "all" of the facts contained in its share of the Sealed Materials in its sentencing submission in the Doe's criminal case. Gov. Mem. at 3. The only case the Government cites, *United States v. Alexander*, confirms that the Government may submit these materials to the sentencing judge in Doe's case, but it does not hold that materials submitted to the sentencing judge must also be made public. 860 F.2d 508, 512-13 (2d Cir. 1988). To the contrary, *Alexander* rejected as overbroad the district court's order permitting public disclosure and held that the record in the case "could not by any stretch of the imagination justify a conclusion that the interests in secrecy were outweighed by a need for public filing." *Id.* at 514. The *Alexander* court suggested that public disclosure would only be appropriate in the narrow circumstances authorized by the Supreme Court in *Douglas Oil Co.*, which requires a showing that the material "is needed to avoid a possible injustice in another judicial proceeding; that the need for disclosure exceeds the need for continued secrecy; and that [the Government's] request covers only material needed." 441 U.S. at 222; *see Alexander*, 860 F.2d at 513-14.

The Court seriously questions whether that standard has been met here, but the sentencing court is in a better position to evaluate the need for disclosure in the context of that case. If the Government really believes it has a meritorious motion pursuant to Rule 6(e)(3)(E)(i), it should make the motion in the criminal case and let the sentencing judge decide.

## CONCLUSION

For the reasons given above, the Court GRANTS the *Times*'s application to intervene but DENIES its application to unseal the Sealed Materials. The Government's tag-along request pursuant to Rule 6(e)(3)(E)(i) is DENIED without prejudice to its right to so move in Doe's criminal case.

**SO ORDERED.**

**Date: October 18, 2016**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**